IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **JOHN FRANCIS CAROSELLI, JR** § | |
| § | |
| v. § | NO. 4:25-CV-00505-BD |
| § | |
| **SERVICE FIRST MORTGAGE** § | |
| **COMPANY,** *et al.* § | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff John Caroselli, Jr., sued defendants Service First Mortgage Company, Shawn Broussard, and Ian Kimball for injuries arising out of a mortgage loan. Dkt. 17 (operative complaint). The defendants moved for an extension or a stay of discovery pending resolution of their motion to dismiss. Dkt. 25; *see* Dkts. 26 (response), 27 (reply); *see also* 19 (motion to dismiss). The motion will be granted.

A federal district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "For example, under Federal Rule of Civil Procedure 26(c), the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of . . . dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990); 6 James W. Moore et al., Moore's Federal Practice § 26.105[3][c] (3d ed. 2010)). But a discovery stay is "the exception rather than the rule." *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at * 1 (N.D. Tex. July 23, 2008).

The defendants argue that an extension or stay is warranted because their motion to dismiss will dispose of the case, given that the court lacks subject-matter jurisdiction and Caroselli's claims are time-barred. Dkt. 25. Relying on Federal Rule of Civil Procedure 1, which aims to "secure the just, speedy, and inexpensive determination of every action and proceeding," they add that a stay is warranted because if they are required to participate in discovery, they will incur substantial legal

fees. Caroselli does not address those points and instead argues that his discovery requests are narrowly tailored and that he will be prejudiced by a stay. Dkt. 26.

The circumstances here are exceptional and warrant a stay. Caroselli bases his claim on the belief that the promissory note he signed had monetary value and that Service First Mortgage used that value to "generate funding for the loan, rather than providing its own capital." Dkt. 17 at 2. He asserts that Service First Mortgage therefore did not provide consideration for the mortgage loan and that the loan is thus void or voidable. There is no support in the law for that notion, so the defendants' motion to dismiss will likely be granted. *See Sopp v. Deutsche Bank Nat'l Tr. Co.*, No. 2:14-CV-01223, 2015 WL 136239, at *3–4 (S.D. Ohio Jan. 9, 2015) (quoting *Demmler v. Bank One NA*, No. 2:05-CV-322, 2006 WL 640499, at *3–4 (S.D. Ohio Mar. 9, 2006) (collecting cases)). Requiring the defendants to participate in discovery in the meantime would impose undue burden and expense. And because "[d]iscovery is not justified when cost and inconvenience will be its sole result," *Landry*, 901 F.2d at 436, discovery will be stayed.

It is **ORDERED** that the motion for a stay, Dkt. 25, is **GRANTED** and discovery is **STAYED** pending resolution of the motion to dismiss, Dkt. 19.

So **ORDERED** and **SIGNED** this 30th day of July, 2025.

_____
Bill Davis
United States Magistrate Judge

2