# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **JOHN FRANCIS CAROSELLI, JR.** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00505-BD** |
| | § | |
| **SERVICE FIRST MORTGAGE** | § | |
| **COMPANY,** *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff John Francis Caroselli, Jr., sued his mortgage company and two of its employees, asserting that the loan secured by his residence is unenforceable. Dkt. 17 (operative complaint). The defendants, Service First Mortgage Company, Shawn Broussard, and Ian Kimball, moved to dismiss Caroselli's operative complaint for lack of subject-matter jurisdiction and failure to state a claim. Dkt. 19; *see* Dkts. 20 (response), 21 (reply). Caroselli subsequently moved for leave to file an amended complaint. Dkt. 31; *see* Dkt. 31-1 (proposed amended complaint), 32 (response), 37 (reply), 34 (sur-reply).

The motion to dismiss, Dkt. 19, will be denied in part and granted in part. The motion for leave to amend, Dkt. 31, will be denied.

## BACKGROUND

According to the operative complaint, Caroselli took out a mortgage from Service First to purchase his residence, and Service First funded the loan with money from a third party without telling him. Dkt. 17 at 2. Caroselli asserts that, because Service First did not fund the loan with its own capital, the promissory note secured by the mortgage lacked consideration and is unenforceable. *Id.* The complaint alleges claims predicated on that assertion under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, three federal criminal statutes, 18 U.S.C. §§ 1341, 1343, 1344, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and for "Fraud in the Inducement and Failure of Consideration," Dkt. 17 at 2–3.

The defendants moved to dismiss, arguing that Caroselli has failed to establish federal subject-matter jurisdiction and, alternatively, that his claims fail as a matter of law. Dkt. 19. Caroselli then moved for leave to file a further amended complaint. Dkt. 31. The proposed amended complaint would drop most of Caroselli's claims and assert a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and for a declaratory judgment, Dkt. 31-1. It would also assert a "narrowly preserved FDCPA claim" if Service First acted as a debt collector. *Id.* at 6–7. The defendants oppose the motion to amend, arguing that the amendment Caroselli proposes would be futile. Dkt. 32.

## LAW

### I.  Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for "lack of subject-matter jurisdiction." The party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"In general, where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). The court may find a lack of jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161. A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009).

### II.  Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." When considering such a motion, the court must identify and exclude legal conclusions that "are not entitled to the assumption of truth," then consider the remaining "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court

2

must accept as true all well-pleaded facts and view them in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation marks omitted). The court's scope of review under Rule 12(b)(6) is limited to "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022).

A pro se plaintiff's complaint should be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But to avoid dismissal, it must still "set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## III. Leave to Amend

The court must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). It may deny leave to amend based on "(1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, [or] (5) futility of amendment." *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023). And although a pro se plaintiff is usually entitled to an opportunity to amend, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam), dismissal with prejudice is warranted if the plaintiff has already alleged his best case, *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). The decision to permit or prevent amendment lies within the sound discretion of the court. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002).

## DISCUSSION

### I. Subject-Matter Jurisdiction

The operative complaint alleges claims under several federal statutes. Dkt. 17 at 2–3. The defendants argue that, because it fails to state a federal claim, the court lacks subject-matter jurisdiction. Dkt. 19 at 1–2.

But a motion to dismiss for lack of subject-matter jurisdiction and one for failure to state a claim are analytically distinct. 5B Arthur R. Miller & A. Benjamin Spencer, Federal Practice & Procedure § 1350 (4th ed. 2025 supp.). "[T]he former determines whether the plaintiff has a right to be in the particular court and the latter is an adjudication as to whether a cognizable legal claim has been stated." *Id.* Generally, "the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction," which is "not defeated . . . by the possibility that the averments might fail to state a cause of action on which [the parties advancing them] could actually recover." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

There is an exception to that general rule for claims that are "wholly insubstantial and frivolous." *Bell*, 327 U.S. at 682–83. But the exception is narrow. It applies only when a claim is "obviously without merit" or its "unsoundness so clearly results from the previous decisions of []the Supreme Court[] as to foreclose the subject." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (quoting *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 342 (5th Cir. 1977)).

The defendants have not identified Supreme Court precedent addressing the likes of Caroselli's claims. Nor are the claims "obviously without merit." *Atakapa Indian*, 943 F.3d at 1006. Although they are based on an incorrect view of the law, they are grounded in reality, not the "truly fanciful factual allegations" that would deprive the court of subject-matter jurisdiction. *Isom v. HHS*, No. 4:21-cv-00274-SDJ-CAN, 2021 WL 2229731, at *2 (E.D. Tex. Apr. 22, 2021) (quoting *Vasaturo v. Peterka*, 203 F. Supp. 3d 42, 44 (D.D.C. 2016), with emphasis removed, which was in turn quoting *Best v. Kelly*, 39 F.3d 328, 331 n.5 (D.C. Cir. 1994)), *report and recommendation adopted,* 2021 WL 2224346 (E.D. Tex. June 2, 2021). That a plaintiff is incorrect on the law is not

4

enough to render his claims wholly insubstantial and frivolous, *see ESI/Emp. Sols., L.P. v. City of Dallas*, 450 F. Supp. 3d 700, 715 (E.D. Tex. 2020), so contrary to the defendants' assertion, the court has subject-matter jurisdiction, *see* 42 U.S.C. §§ 1331, 1367.

## II.  Failure to State a Claim

The claims in the operative complaint are all based on Caroselli's assertion that the loan lacked consideration. Specifically, Caroselli alleges that the defendants (1) violated RICO and committed mail and wire fraud because they misled him about the loan's consideration, (2) violated the FDCPA by reporting and collecting on an unenforceable debt, (3) furnished information to credit bureaus relating to an unenforceable debt and failed to correct it, (4) defrauded him by inducing him to believe that the promissory note was supported by consideration, and (5) sought to enforce a contract that lacked consideration. Dkt. 17 at 2–3. Each of those claims fails because Caroselli has not alleged facts that demonstrate that the loan lacked consideration. (After briefing on the motion to dismiss was complete, Caroselli filed three documents that are not associated with any motion. Dkts. 38, 39, 40. Because, on Rule 12(b)(6) review, the court may consider only "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint," *Allen*, 28 F.4th at 616, it will not consider those documents.)

Lack of consideration is a defense to the enforcement of a negotiable instrument. Tex. Bus. & Com. Code § 3.303(b); *Holland v. First Nat'l Bank in Dall.*, 597 S.W.2d 406, 410 (Tex. Civ. App.— Dallas 1980, writ dism'd). According to Caroselli, the loan lacked consideration and is unenforceable because it was funded by a third-party lender or investor. Dkt. 17 at 2. He argues that reliance on third-party funding ran afoul of Uniform Commercial Code § 3-303, codified as Texas Business and Commerce Code § 3.303, which defines the consideration necessary to support a negotiable instrument.

Caroselli cites no authority supporting his argument. He asserts only that "no value was exchanged, as the lender monetized or pledged [his] promissory note instead of funding the loan with its own capital," which supposedly "establishes a complete defense to enforcement." Dkt. 20

at 3. But that conclusion does not follow from the alleged facts. Under general principles of contract law, it is irrelevant who pays or receives consideration as long as the consideration was "bargained for and given in exchange for" a promise. Restatement (Second) of Contracts § 71 cmt. *e* (A.L.I. 1981); *see id.* § 71(4); 3 Williston on Contracts § 7:20 (4th ed. 2009). Texas law recognizes that principle, *Lee v. Hunt*, 631 F.2d 1171, 1178–79 (5th Cir. 1980) (collecting Texas cases), and courts around the country have applied it to situations like this, *see, e.g.*, *In re Smith*, 509 B.R. 260, 266 (Bankr. N.D. Cal. 2014); *In re Weisband*, 427 B.R. 13, 22 (Bankr. D. Ariz. 2010); *DCM Ltd. P'ship v. Wang*, 555 F. Supp. 2d 808, 817 (E.D. Mich. 2008).

For example, the *Smith* plaintiffs took out a loan from a mortgage servicer that was funded by a variety of sources, including the servicer's own debt to a third-party lender. 509 B.R. at 261–62. Like Caroselli, the plaintiffs there argued that, "because the funds for the loan came from" the third-party lender, the servicer "provided no consideration" and "the Note [was] not enforceable." *Id.* at 266. The court explained that the plaintiffs had received consideration for their promise to repay the loan because the servicer had paid off their pre-existing mortgage debt. *Id.* Having received that consideration in exchange for their promise to repay their debt to the servicer, the plaintiffs' loan was enforceable regardless of how the servicer had gotten its money. *Id.*

Here, too, the facts alleged in the complaint demonstrate that Caroselli received consideration for the promissory note he executed, payable to Service First: money to purchase his residence. Dkt. 17 at 2. Where Service First got its money is immaterial.

Because Caroselli's claims all depend on the incorrect assertion that the promissory note lacked consideration, none of them can survive the defendants' motion to dismiss. For that reason, the court need not reach the defendants' argument that Caroselli's state-law claims are time-barred. *See* Dkt. 19 at 7–8.

## III. Motion for Leave to Amend

"An amendment is futile if it fails to state a claim upon which relief can be granted." *Searcy v. CitiMortgage, Inc.*, No. 3:18-cv-02159-B, 2019 WL 935587, at *3 (N.D. Tex. Feb. 26, 2019). As

noted, Caroselli's proposed amended complaint asserts claims under TILA and the FDCPA, and it also seeks declaratory relief. Dkt. 31-1. Allowing that amendment would be futile.

Caroselli's TILA claim is predicated on his allegation that Service First failed to disclose the identity of the "true creditor." Dkt. 31-1 at 5, 7. Caroselli asserts that, because Service First did not fund the loan with its own capital and quickly sold the loan, the loan "was structured so that another party held the beneficial interest from the beginning." *Id.* at 4.

Under TILA, creditors in consumer-credit transactions must disclose "[t]he identity of the creditor." 15 U.S.C. § 1638(a)(1). A "creditor" is "the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g). The proposed amended complaint asserts that Service First was not the party to whom the debt was initially payable because Service First never intended to retain the loan. Dkt. 31-1 at 4. But regardless of whether Service First intended to sell the loan, Caroselli has failed to allege any facts showing that, when Service First made the loan, the debt was not payable to Service First on the face of the promissory note. As such, the proposed amended complaint fails to allege that Service First was not the true creditor under TILA. *See Riviere v. Banner Chevrolet, Inc.*, 184 F.3d 457, 460 (5th Cir. 1999) (approving of agency commentary interpreting TILA to mean that, "[i]f an obligation is initially payable to one person, that person is the creditor *even if the obligation by its terms is simultaneously assigned to another person*" (quoting 12 C.F.R. pt. 226, supp. I, subpt. A, cmt. 2(a)(17)(i)(2), with emphasis added)).

As to the proposed FDCPA claim, Caroselli speculates that, if Service First sold his loan, it might not be empowered to collect on the loan and might be a debt collector within the meaning of the FDCPA. Dkt. 31-1 at 6–7. But even if that speculation proved accurate, Caroselli's FDCPA claim would still require him to plead that Service First "engaged in an act or omission prohibited by the FDCPA." *Sequel Grp., Inc. v. Wilmington Sav. Fund Soc'y FSB*, No. 3:16-cv-02056-N (BF), 2017 WL 3704833, at *3 (N.D. Tex. June 7, 2017), *report and recommendation adopted,* 2017 WL 3674866 (N.D. Tex. Aug. 25, 2017). The FDCPA prohibits a wide range of deceptive, harassing,

and abusive practices by debt collectors. *See* 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692f, 1692j. Caroselli does not, however, allege that Service First engaged in any of those practices. He just presents an erroneous belief that it attempted to collect on an unenforceable debt.

Because Caroselli failed to establish the essential elements of his proposed TILA and FDCPA claims, those claims would not survive a motion to dismiss. Further, "[w]hen the other claims have been dismissed, it is appropriate also to dismiss any declaratory-judgment request." *Stallings v. CitiMortgage, Inc.*, 611 F. App'x 215, 218 (5th Cir. 2015). As such, Caroselli's declaratory-judgment claim would not survive, either. Without a claim on which relief could be granted, Caroselli will not be granted leave to file another amended complaint. *See Ellsworth v. Dall. Tex. Dep't of Veteran Affs.*, 160 F.4th 161, 165 (5th Cir. 2025).

## IV. Dismissal with Prejudice

As noted, although a pro se plaintiff is usually entitled to an opportunity to amend, *Bazrowx*, 136 F.3d at 1054, dismissal with prejudice is warranted if the plaintiff has already alleged his best case, *Jones*, 188 F.3d at 327. Caroselli has already attempted to file three iterations of a complaint based on his incorrect theory that the loan lacked consideration. *See* Dkts. 1, 17, 31-1. One of those was filed after the court warned that: "There is no support in the law for that notion, so the defendants' motion to dismiss will likely be granted." Dkt. 30 at 2. Caroselli is unable to plead a claim other than one based on that meritless theory. That makes dismissal with prejudice warranted.

**CONCLUSION**

It is **ORDERED** that:

1) the defendants' motion to dismiss, Dkt. 19, is **DENIED** to the extent it challenges subject-matter jurisdiction and **GRANTED** to the extent it asserts that the operative complaint fails to state a claim upon which relief can be granted;

2) Caroselli's operative complaint, Dkt. 17, is **DISMISSED WITH PREJUDICE**; and

3) Caroselli's motion for leave to amend, Dkt. 31, is **DENIED**.

8

So **ORDERED** and **SIGNED** this 19th day of March, 2026.

Bill Davis
United States Magistrate Judge